STATE EX REL. VAN DER VEER *v.* BUTCHER ET AL.

[No. 25,495. Filed June 9, 1933.]

*Henry M. Dowling,* for appellant.

*Wolf & Barnes, C. W. Roll, George B. Shenk* and *Donald F. Elliott,* for appellees.

TREANOR, J.—This is an action in mandate, brought on the relation of Ferdinand P. Van Der Veer against Orville O. Butcher as auditor of Howard County and ex-officio clerk of the Howard County Council to secure a judgment directing said auditor, as clerk, to make certain corrections in journal entries made by him and purporting to set forth a record of the proceedings of said council at its regular annual session held on September 8th and 9th, 1925. Said entries were alleged to be erroneous in that they inaccurately indicated that the appropriation ordinance adopted for the calendar year 1926 was not prepared prior to said regular session and was read on only one day, to wit: on September 9th, 1925, and not on two separate days, as required by §5881, Burns Ann. Ind. St. 1926 (Acts of 1899, p. 434, §20). The relator sought to have the record of the proceedings of said session of the county council changed by the auditor, as clerk of said council, to show that said ordinance was prepared by the auditor prior to the first day of the 1925 annual session and was read before the council on September 8th and 9th, 1925. The complaint alleged that the journal of the proceedings had on the first day of the 1925 session, insofar as the appropriation ordinance is concerned, read as follows:

"The Auditor was instructed to prepare all legal ordinances connected herewith and have same for presentation Wednesday morning at 10:00 o'clock A. M."

and that the journal, in that respect, for the second day, read as follows:

"The ordinance for appropriation for the year 1926 as prepared by the County Auditor was placed on 'First Reading'. After hearing the reading of this ordinance, the same was placed upon 'Second Reading' and reconsidered 'Item by Item'—Upon reconvening after noon luncheon the ordinance for Appropriations for the year 1926 was placed upon 'Third Reading' and after hearing the same, the President ordered the roll call and it was voted unanimously to adopt the ordinance as prepared."

and that the journal entries as above set out were signed by one J. R. Morgan as "Pres." and said signature attested by Orville O. Butcher as "Sec'y."

A demurrer to the complaint was filed by appellee Joseph C. Herron who had intervened in the cause by leave of court. The court sustained the demurrer and this ruling is relied upon as constituting reversible error.

Among the reasons in support of the action of the trial court in sustaining a demurrer to relator's complaint appellee urges that the relation of the auditor to the county council as its ex-officio clerk is such that the auditor would be without power to make the change in the records of the county council which is asked for by relator. If appellee is correct in this contention it will not be necessary to consider any other questions.

The section of the statute which places on the county auditor the duty of acting as clerk of the county council is as follows:

"The county auditor shall be clerk of the council and may perform the duty by himself or deputy. He shall keep and preserve in his office the files and papers thereof and keep an accurate minute and journal of its proceedings, enter the ayes and nays upon every vote appropriating money or fixing the rate of tax levy, and upon all other votes whenever requested to do so by two or more members." Sec. 5870, Burns, etc., 1926, Acts of 1899, p. 434, §9.

It is evident from the foregoing that the auditor, as ex-officio clerk of the council, is merely the amanuensis of the county council and custodian of its records. Until the auditor, as clerk of the council, has prepared and copied his minutes of a meeting of the county council into the journal of its proceedings, we have no doubt that he may make such corrections of his minutes as may be necessary to cause the journal to accurately record the proceedings. However, when such minutes are made a part of the journal which the auditor, as clerk, is required to keep, we think they become the county council's record. There certainly must be some stage in the preparation of the minutes and journal of the proceedings of the county council after which the ex-officio clerk can not change the record for the purpose of making it conform to what he thinks it should be. This would be true whether the change in question would have the result of making the record speak the truth or an untruth.

The record, as thus prepared by the clerk, was signed by one who subscribed himself as "Pres." and the signature was attested by Orville O. Butcher, as "Sec'y." It is true, as appellant contends, that the statute does not provide that the record of the proceedings shall be so signed, but it is provided by §5868, Burns, etc., 1926 (Acts of 1899, p. 343, §7), that the council "shall choose from its own number a presiding officer and a presiding officer pro tem. who shall serve for the term of their respective offices as councilmen" and we must assume, in the absence of any showing to the contrary, that the "Pres." and "Sec'y." of the county council have the power to officially authenticate the journal of the council.

We think the whole question reduces to this proposition: The record which relator seeks to change is the

official record of the proceedings of the county council and, consequently, any effort to secure a change in the record should be directed to the county council. This would be true whether the effort takes the form of a request to the council itself or an action for mandate to compel a change. The auditor, as clerk, is the custodian of the records but has no power independent of the council to make changes in the record. Obviously, the clerk has no discretionary power to make changes in the record. Relator concedes this but insists that the proposed change involves only a ministerial act. It is of course true that the actual physical change in the writing would involve merely a clerical act but the preliminary step of determining whether or not such a change should be made might involve reaching a conclusion on the basis of disputed facts.

In conclusion, we feel that any judicial proceeding instituted for the purpose of compelling a change to be made in the record of the proceedings of a meeting of the county council must be directed to the council and not to the auditor as ex-officio clerk of the council. The trial court did not err in sustaining the demurrer to relator's complaint.

On motion of appellant the name of George W. Studebaker was substituted for the name of Orville O. Butcher, the said Studebaker having succeeded the said Butcher as auditor of Howard County and ex-officio clerk of the Howard County Council.

Judgment affirmed.

Roll. J., not participating.